**In re PLAIN TOWNSHIP WATER AND SEWER DISTRICT**

Court of Common Pleas of Ohio,
Franklin County.

No. 95CVH06–3977.

Decided Dec. 7, 1997.

*John R. Gall* and *Philomena M. Dane,* for New Albany Company.

*Steve J. Edwards,* for Plain Township Trustees.

*Daniel W. Drake* and *Todd M. Rodgers;* and *Alaine Y. Miller,* for city of Columbus.

**2**

*Todd H. Neumann*, for Winding Hollow Country Club.

*Daniel M. Slane*, for Pine Grove Ltd. and Central Ltd.

*Mike Allerding*, for Citizens for the Future of New Albany.

---

MICHAEL H. WATSON, Judge.

This matter comes before the court upon a petition filed by the Plain Township Trustees (hereinafter "trustees"), seeking this court's approval for the formation of a regional water and sewer district for the entire unincorporated area of Plain Township, Ohio, pursuant to R.C. Chapter 6119. The petition was filed on June 25, 1995.

On May 17, 1996, the trustees filed a plan of operation entitled "Preliminary Report/Proposed Water System," prepared by Bennett & Williams Environmental Consultants. Subsequently, on or about November 27, 1996, a revised plan of operation entitled "Plan for The Provision of Water Services To The Unincorporated Areas of Plain Township/Franklin County, Ohio," which was also prepared by Bennett & Williams, was filed with this court.

Neither plan of operation provides any information regarding the provision of sewers or associated facilities for the unincorporated areas of Plain Township. Counsel for the trustees has advised this court and the other parties that the plan of operation is one for water service only.

This court has granted intervention to several parties, including the city of Columbus (hereinafter "the city"), the New Albany Company (hereinafter "the company"), Winding Hollow Country Club (hereinafter "WHCC"), and Citizens For the Future of New Albany (hereinafter "citizens").

A final hearing on the petition and plan of operation was held on February 13 and 14, and on April 11, 1997.

## FINDINGS OF FACT

### Necessity of a Regional Water and Sewer District

Testimony and evidence was presented on behalf of the trustees regarding the need for central water service in the unincorporated areas of Plain Township. James Lynch, Field Sanitarian for the Franklin County Health Department, testified about the potential contamination of water wells from failing septic systems and leach beds, as well as certain wells in this area producing low quantities of water or going dry. Lynch was unable to quantify the extent of this problem, however.

The court next heard from several residents of the unincorporated areas of the township who testified that they experienced poor water quality or insufficient water. It became apparent that in addition to their concerns about poor or inadequate water, they did not wish to annex to the city of Columbus or the village of New Albany in order to receive central water and sewer services. Additionally, Henry Reeb, a Plain Township Trustee, testified that a central water system was needed in order to provide adequate water pressure for fire fighting.

In contrast to the above, other residents testified that their wells were adequate and that they did not need central water. These residents, as well as the Golf Club, the company, and WHCC, requested that this court exclude their property from any regional water and sewer district which might be approved by this court.

The city introduced testimony from John Doutt, P.E., Administrator of the Division of Water, city of Columbus, establishing that the city has extended water lines into the area immediately contiguous to the unincorporated portions of Plain Township and, in some cases, has extended lines into the unincorporated area of Plain Township. Doutt also testified that the city provides water to the village of New Albany under a service agreement between the two municipalities that contemplates the future provision of water service to the entire unincorporated area of Plain Township. Some planning has already been performed by the city for the provision of water service and necessary facilities in this area, including booster stations and water tanks. The price to the residents of the unincorporated areas, however, is annexation to New Albany or Columbus.

Since the filing of the petition, additional annexations of unincorporated areas of Plain Township have occurred, and other annexation petitions are pending. These annexations have reduced the remaining unincorporated areas that could be included in a regional water and sewer district. These annexations have also reduced the number of potential customers who might be served by the proposed water system in the plan of operation that was filed with this court. It now appears that the proposed water system would serve, at best, fewer than seven hundred customers.

Not all residents are in favor of the formation of a regional water and sewer district. Indeed, as was clearly demonstrated by the testimony of representatives of the Golf Club, WHCC, and the citizens, it is not likely that all residents in the unincorporated areas of Plain Township would choose to tap into a central water system, if such a system were made available to them.

The city's water system is designed to provide fire flows of two thousand gallons per minute, which is sufficient to handle fires at both commercial and residential properties. The plan of operation for the proposed district provides

for minimum fire flows of five hundred gallons per minute for the unincorporated areas of Plain Township, which are only minimally sufficient for fighting residential fires.

Finally, it is feasible for the city or the village of New Albany to extend water lines into the unincorporated areas of Plain Township. The city and the village of New Albany have executed service agreements that specify how such extensions will occur. Additional storage tanks and a booster station are planned for this area in order to extend existing water lines into the unincorporated areas of Plain Township as well as to newly annexed areas that would be added to the city or the village of New Albany. In short, after weighing the totality of the evidence presented, the court finds that the proposed district is not necessary.

### Economical Considerations Regarding the Proposed District and Plan

Evidence was presented regarding cost estimates in the plan of operation for the installation, operation, and maintenance of water lines, as well as estimates for monthly charges for residential water service in the proposed district. The plan of operation contains estimates for four options of providing service: (a) service to the entire unincorporated area of Plain Township with water purchased from the village of Johnstown, (b) service to the entire unincorporated area of Plain Township with water purchased from the Jefferson Water and Sewer District, (c) service only to the "south" portion of Plain Township with water purchased from the Jefferson Water and Sewer District, and (d) service only to the "north" portion of Plain Township with water purchased from the Jefferson Water and Sewer District.

The estimate of the capital cost of installing water lines for each of these options in the plan of operation is (a) service to the entire unincorporated area of Plain Township with water purchased from the village of Johnstown: $6,321.396; (b) service to the entire unincorporated area of Plain Township with water purchased from the Jefferson Water and Sewer District: $5,610,125; (c) service only to the "north" portion of Plain Township with water purchased from the Jefferson Water and Sewer District: $4,904.125; and (d) service only to the "south" portion of Plain Township with water purchased from the Jefferson Water and Sewer District: $774,000.

The monthly residential water bills that are estimated in the plan of operation for these options are (a) service to the entire unincorporated area of Plain Township with water purchased from the village of Johnstown: $63.19; (b) service to the entire unincorporated area of Plain Township with water purchased from the Jefferson Water and Sewer District: $58.14; (c) service only to the "north" area of Plain Township with water purchased from the Jefferson Water and Sewer District: $61.60; and (d) service only to the "south" portion of Plain

Township with water purchased from the Jefferson Water and Sewer District: $50.96.

Even assuming that all of the cost estimates and assumptions in the plan of operation are correct, estimated annual residential water bills for customers of the proposed water and sewer district would total between $611.52 ($50.96 × 12 months) and $758.28 ($63.19 × 12 months).

By contrast, the annual residential water bill for the city of Columbus totals $266. The monthly residential water bill for the village of New Albany is approximately $26 to $28 per month, or $312 to $336 per year ($26 or $28 × 12 months). Testimony further established that monthly residential water bills in Central Ohio communities range from $18.44 to $45.77.

If the estimated monthly residential water bills in the plan of operation are accurate, the plan of operation would produce water rates that are at least two to three times those rates charged by the city of Columbus or village of New Albany and that would be among the highest rates charged by any public water supply in the state of Ohio. The testimony and evidence adduced at final hearing raise serious doubts about the accuracy of the cost projections contained in the plan of operation.

As previously stated, it is highly unlikely that one hundred percent of residents in the unincorporated areas of Plain Township will obtain water from the proposed water system. Indeed, testimony and evidence established that only sixty to seventy percent of residents favored the formation of the district. Yet the plan of operation assumes that there will be one hundred percent participation by residents in this area, and that each resident will pay an "assessment" or "fee" of $4,000 to defray the costs of installing the water system.

It is unclear whether the plan of operation contemplates a mandatory assessment of $4,000 against every property owner, irrespective of whether that property owner connects to the water system, or whether this fee would be assessed only against property owners who connect to the system once it is built. The petitioner had the burden to establish through its plan of operation that its proposed method of financing would be economical, feasible, fair, and reasonable. Because it is unclear from the plan how costs would be assessed, the court cannot conclude that the proposed plan is either fair or reasonable.

The record reflects that there were at best inconsistencies in estimating the costs of installing the water system. These inconsistencies suggest that the cost estimates in the plan of operation underestimate the true cost of installing the proposed water system.

The plan of operation assumes that the cost of purchasing water from other water supply systems will be $2.00 per 1,000 gallons. There was no evidence or

**6**

testimony at the final hearing that established that water was available at this price. In fact, the testimony established that the typical charge for water purchased from the village of Johnstown is much higher—$5.80 per 1,000 gallons, with 1.75 times this rate typically charged to customers outside the village. While the lowest rate charged by the Jefferson Water and Sewer District is $2.00 per 1,000 gallons, this rate is offered to customers within the Jefferson Water and Sewer District service area. It is unclear whether water would be offered to Plain Township at the same rate as that charged to customers within the Jefferson Water and Sewer District service area. There is no agreement of any kind regarding what price would be charged by the Jefferson Water and Sewer District for water sold to the proposed water and sewer district for Plain Township. There was also testimony indicating that the Jefferson Water and Sewer District would need to expand its water production system in order to be able to offer adequate water for the entire service area of the proposed Plain Township water and sewer district. It is not known how the costs of expansion would affect the purchase price of water from the Jefferson Water and Sewer District, or even whether adequate water would be available for sale to Plain Township. Moreover, there is no estimated cost schedule for which water service would be made available to all residents of the unincorporated areas of Plain Township if the proposed district is approved.

Expert testimony from the city and the company provided a range of estimated monthly residential water charges that might be incurred, using a range of assumptions regarding the costs, debt service, degree of participation by property owners, and the effects of recent annexations.

The city's expert's recalculation of estimated monthly residential water rates ranged from $48.97 to $122.62 per month. The company's expert's calculations yielded a range of estimated monthly water charges from $51.19 to $148.56. Clearly, the water rates proposed in the plan of operation substantially exceed water rates charged by other public water supply systems in Central Ohio, demonstrating that the proposed district is not economical for the residents of the unincorporated area of Plain Township.

### Feasibility of the Proposed District and Plan of Operation

The map of proposed water distribution lines in the plan of operation reveals that several lines will be "dead end" water lines. Testimony was elicited that the use of "dead end" lines creates the potential for water quality problems and increases the need for flushing water lines to keep them cleaned out, resulting in increased operation and maintenance costs and loss of water.

As noted above, the petition authorized by the trustees seeks approval for a water and sewer district, yet counsel presented no evidence or plan of operation

in support thereof, not to mention no authorization by the trustees for amendment of the plan. Thus, the court is of the opinion that the plan of operation for the proposed district is not conducive to the public health, safety, convenience, and welfare.

The budget submitted with the plan of operation contains financial projections for the period after service commences to residents of the proposed district. There is no information regarding how operations will be financed prior to the completion of at least some of the water lines proposed by the plan of operation.

No evidence or testimony addressed the issue of interim financing of the proposed water and sewer district's operations, i.e., the need for providing for the costs of operating the proposed district until it was in receipt of revenue from bond sales, loans, or revenue from operating the water system.

Last, while the plan of operation proposes to provide water service to a residential subdivision which is located in Blendon Township, there was no evidence presented to this court of any resolution, authorization, or approval by the Blendon Township Trustees or Franklin County Commissioners for inclusion of any portion of Blendon Township in the service area of the proposed water and sewer district for Plain Township.

Based on the above, the court is convinced that the plan of operation for the proposed district is not feasible.

## CONCLUSIONS OF LAW

Pursuant to R.C. 6119.02, a petition for the formation of a regional water and sewer district must include:

"(A) The proposed name of the district;

"(B) The place in which its principal office is to be located;

"(C) The necessity for the proposed district and that it will be conducive to the public health, safety, convenience, or welfare;

"(D) A general description of the purpose of the proposed district;

"(E) A general description of the territory to be included in the district which need not be given in metes and bounds or by legal subdivisions, but it is sufficient if an accurate description is given of the territory to be organized as a district; such territory need not be contiguous, provided it is so situated that the public health, safety, convenience, or welfare will be promoted by the organization as a single district of the territory described;

"(F) The manner of selection, the number, the term, and the compensation of the members of the governing body of the district, which body shall be called a board of trustees. Such petition may set forth procedures for subsequent

changes in the composition of and other provisions relating to such board of trustees;

"(G) The plan for financing the cost of the operations of the district until it is in receipt of revenue from its operations or proceeds from the sale of bonds;

"(H) A prayer for the organization of the district by the name proposed, either before or after a preliminary hearing as provided in section 6119.04 of the Revised Code."

A final hearing on the formation of a regional water and sewer district for the unincorporated area of Plain Township has been held after submission by the trustees of a plan of operation for the proposed district.

As set forth in R.C. 6119.04(C) the court may authorize the formation and organization of a regional water and sewer district *only* if the court finds that "the proposed district is necessary, that it and the plan for the operation of the district is [*sic*] conducive to the public health, safety, convenience, and welfare and that the plan for the operation of the district is economical, feasible, fair, and reasonable[.]"

The court has considered the testimony of every conceivable interested party in this matter and herein concludes that while a small number of residents may benefit from the creation of the proposed district, other residents do not want the proposed district and have asked to be excluded from it if its creation is approved by this court. Indeed, due to the speculative nature of the financing of the proposed district, it is not unreasonable to assume that a greater number of residents than those who appeared and testified at final hearing would prefer to opt out if they could rather than risk the uncertainties associated with compulsory participation in the proposed district.

Of additional concern to the court, however, is the fact that if created, the proposed district would be duplicative of services currently available to these areas, and it is likely that additional annexation in this area will result in water and sewer services being made available to any resident who desires such service upon annexation into either municipality.

Accordingly, the court finds that the petition, plan of operation, and the testimony presented at the final hearing failed to establish that the formation of a regional water and sewer district in this area is necessary as required by R.C. 6119.04.

The plan of operation for the district establishes that water bills for the proposed district would, at a minimum, be two to three times the water rates

charged in surrounding communities, and would likely exceed the rates charged by most, if not all, other public water supplies in the state of Ohio.

The evidence establishes that the cost of installing, operating, and maintaining the proposed water system in the plan of operation is likely understated, and that capital and operation costs will exceed those estimates set forth in the plan of operation. Therefore, the court finds that the petition, plan of operation, testimony, and evidence presented at the final hearing fail to demonstrate that the proposed district and plan of operation would be economical.

Finally, the totality of the evidence presented at the final hearing raises significant doubts regarding the operational feasibility of the water system proposed in the plan of operation. Therefore, the court finds that the petitioner has failed to demonstrate that the proposed district and plan of operation are feasible, as required by R.C. 6119.04.

Once again, the petition and plan of operation contain no plan for financing the operation of the proposed district until it is in receipt of proceeds from loans, bond sales, or revenue from its operation. A plan for such financing is required by R.C. 6119.02(G). The trustees have failed to present such a plan, as is required.

WHEREFORE, it is ORDERED, ADJUDGED AND DECREED that the petition and plan of operation filed by the Plain Township Trustees in this action, seeking approval for the organization of a regional water and sewer district pursuant to R.C. Chapter 6119, is DENIED, and the petition herein is dismissed.

IT IS SO ORDERED.

*Petition dismissed.*