This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Philip and Effie Loulis have appealed a decision of the Medina County Court of Common Pleas, which granted summary judgment in favor of Timothy J. Haas. This Court affirms.
 I.
In 1998, Timothy J. Haas was a voluntary firefighter for the Brunswick Township Fire Department. In the evening of December 7, 1998, Haas was notified of a house fire and received an assignment to report to the scene.[1] Haas immediately left his house and went to his car, which was parked in his driveway, turned on the emergency siren and lights, and proceeded to the scene of the fire. En route, Hass turned onto North Carpenter Street. He was driving, approximately, between 35 and 45 miles per hour. The posted speed limit on North Carpenter Street was 35 miles per hour. Suddenly, Haas came upon a car which had come to a complete stop. The car was driven by Philip Loulis. After realizing that he did not have enough space to safely pass between Loulis' vehicle and the oncoming cars, Haas hit his brakes, but was unable to stop and crashed into the rear bumper of Loulis' car.
Loulis sustained bodily injury and property damage, and he and his wife, Effie, filed an action against Hass in the Medina County Common Pleas Court. The Loulises alleged that Haas' actions constituted wanton and reckless conduct, or at least negligence. Haas filed a motion for summary judgment asserting that under R.C. 2744.03, he is immune from any claim of negligent driving, and that, as a matter of law, his actions were not wanton, willful, or reckless. The trial court granted the motion.[2]
The Loulises have appealed, and have assigned two errors for our review.
 II.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Ohio law confers immunity from tort liability to volunteer firemen of a political subdivision for damages caused by the negligent operation of a motor vehicle in the course of responding to a fire call. See R.C.2744.03(A)(6). See, also, R.C. 2744.01(C), 2744.02(B)(1)(b), and ErieIns. Group v. Baum (1993), 93 Ohio Misc.2d 1. Immunity does not apply, however, if the actions of the fireman which caused the damage were not simply negligent, but were done "with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b).
 FIRST ASSIGNMENT OF ERROR THE LOWER COURT ERRED BY FAILING TO RECOGNIZE THAT THE DEFENDANT-APPELLEE'S CLAIM THAT HE WAS RESPONDING TO AN EMERGENCY CALL CONSTITUTES A QUESTION OF FACT PRECLUDING SUMMARY JUDGMENT[.]
In their first assignment of error, the Loulises argue that the trial court erred in granting summary judgment. The Loulises contend that there was a question of fact as to whether Haas was actually en route to an emergency at the time of the accident. This Court disagrees.
Haas moved for summary judgment asserting that he was immune from tort liability because at the time of the accident he was a volunteer fireman of a political subdivision, and he was responding to an emergency fire call. In support, Haas pointed to his deposition testimony, which said the same. In opposition, the Loulises argued that Haas' own deposition testimony was insufficient to prove that he was actually responding to an emergency at the time of the accident. The Loulises maintain that Haas' admitted actions immediately following the accident contradict his claim that he was responding to an emergency call. The Loulises directed the trial court's attention to the portion of Haas' deposition testimony where Haas explained what he did right after the collision occurred: Haas said that he pulled off of the road, exchanged information with the Loulises, and then went to the police station to complete a report. Haas did not attempt to contact any fire department personnel to let them know where he was or to see if he was still needed at the scene of the emergency. The Loulises asserted that Haas' testimony concerning what he did immediately after the accident, and his testimony that he was responding to an emergency, are inconsistent. This Court finds, however, that these statements are not inconsistent.
A party moving for summary judgment, "* * * bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the non-moving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the initial burden is satisfied by the moving party, the non-moving party has the reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Id.
Haas satisfied his summary judgment burden by demonstrating that there were no genuine issues of material fact on the issue of immunity; he informed the trial court of the basis for the motion, and pointed to evidentiary material of the type listed in Civ.R. 56(C). The Loulises then had the reciprocal burden. The Loulises were required to support their contention with Civ.R. 56(C) evidence; they could not "rest upon the mere allegations or denials of [their] pleadings[.]" Dresher, supra, at 293. Rather, their "response, by affidavit or as otherwise provided in [Civ.R. 56(C)], must [have] set forth specific facts showing that there is a genuine issue for trial." Id. Because the Loulises failed to so respond, summary judgment was appropriate.
We note that this Court held the same in Lewis v. Bland (1991),75 Ohio App.3d 453: "Officer Phillips' sworn statement that these officers were responding to an `emergency call' as defined in R.C.2744.01(A) * * * was undisputed. A triable question of fact, therefore, did not exist on this issue."
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS QUESTIONS OF FACT EXIST REGARDING WHETHER APPELLEE'S ACTIONS WERE RECKLESS AND WILLFUL.
The Loulises maintain, in their second assignment of error, that summary judgment was inappropriate because there is an issue of fact as to whether Haas' driving constituted wanton, willful, or reckless conduct. This Court disagrees.
Haas argued that based on the undisputed testimony concerning his use of emergency lights and sirens, and the speed in which he was driving — between 35 and 45 miles per hour in a 35 mile per hour zone, as a matter of law, his conduct was not wanton and willful. The Loulises charged that Haas' conduct was wanton and willful because Haas was familiar with the area where the accident occurred, and therefore, he should not have been driving at an unreasonable rate of speed. The deposition testimony establishes that Haas knew that North Carpenter Street was a two-lane road with ditches running along both sides, and with very little room for vehicles to pull off of the roadway. The trial court found that there were no facts to support an allegation of wanton or willful conduct on Haas' part. On appeal, the Loulises argue that the issue should have been submitted to the jury.
As previously noted, Haas is immune from tort liability in this case unless it can be shown that his acts were done "with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b).
"Malice" refers to the willful and intentional design to do injury.Jackson v. Butler Cty. Bd. of Cty. Commrs. (1991), 76 Ohio App.3d 448,453, appeal not allowed (1992), 63 Ohio St.3d 1463. "Bad faith" connotes a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." Id. at 454, quoting Slater v. Motorists Mut.Ins. Co. (1962), 174 Ohio St. 148, paragraph two of the syllabus. "Reckless" conduct refers to an act done with knowledge or unnecessary risk of physical harm and that this risk is greater than that necessary to make the conduct negligent. Thompson v. McNeill (1990),53 Ohio St.3d 102, 104-105, citing 2 Restatement of the Law 2d, Torts (1965) 587, Section 500.
This Court has previously held that summary judgment may be proper on the issue of whether a person protected by statutory immunity acted willfully or wantonly. In both Solomon v. Booth (Jan. 20, 1983), Summit App. No. 10759, unreported, and Lewis v. Bland, 75 Ohio App.3d 453, this Court found summary judgment appropriate in favor of police who had caused damage while responding to emergencies because the records did not contain evidence of any intentional conduct necessary for willfulness. We held that willful or wanton conduct "occurs when `the driver of an automobile fails to exercise any care whatsoever toward those to whom he owes a duty of care * * *.'" Lewis v. Bland, 75 Ohio App.3d 453, 457, quoting Hawkins v. Ivy (1977), 50 Ohio St.2d 114, syllabus.
In the present case, we find that reasonable minds could only conclude that there was no evidence that Haas acted "with malicious purpose, in bad faith, or in a wanton or reckless manner." Haas activated his emergency sirens and overhead lights, and was traveling no more than 10 miles per hour over the speed limit when he saw Philip Loulis' car stopped directly in his path. Upon realizing he could not swerve around Loulis' car, Haas immediately applied his breaks. Accordingly, summary judgment was proper. See Lewis v. Bland, 75 Ohio App.3d 453, 457-458, wherein this Court found reasonable minds could only conclude that police did not act in a willful or wanton manner because they had used all of their warning devices, and the pursuit lasted about two minutes. See, also, Solomon, supra, (finding no willful or wanton conduct despite the sworn affidavits alleging that the officer was traveling "extremely fast" on a wet road, without the use of lights or a siren, when he lost control of his cruiser and struck the plaintiff's stopped car).
The second assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ____________________________ DONNA J. CARR
BAIRD, P.J., SLABY, J. CONCUR.
[1] Haas did not have a regular set schedule, rather he responded to emergency calls when he received notice in his home through a conference telephone call and pager system, known as a "fire bar." When a fire was reported via the "fire bar," all available firemen participated in a conference telephone call during which each fireman would receive his/her assignment.
[2] The original complaint did not allege that Haas' conduct was wanton and reckless. However, the Loulises later filed a motion for leave to file an amended complaint, which included the allegation. The amended complaint was attached to the motion for leave to file. The trial court granted the motion. The trial court later noted, however, in its ruling on Haas' motion for summary judgment, that the amended complaint was never filed, but that the allegations therein were addressed in Haas' summary judgment motion. The trial court addressed the wanton and reckless conduct allegations in its final judgment.